**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 17-2247

DELVON L. KING,

        Plaintiff - Appellant,

    v.

HONORABLE ROBERT C. NALLEY,

        Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Theodore D. Chuang, District Judge. (8:17-cv-00628-TDC)

Submitted: July 31, 2018                        Decided: September 10, 2018

Before GREGORY, Chief Judge, WYNN, Circuit Judge, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Steven D. Silverman, Anna S. Kelly, SILVERMAN|THOMPSON|SLUTKIN|WHITE, LLC, Baltimore, Maryland, for Appellant. Brian E. Frosh, Attorney General, Michele J. McDonald, Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL OF MARYLAND, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Delvon L. King filed a complaint under 42 U.S.C. § 1983 (2012) against Judge Robert C. Nalley, who ordered the activation of the stun-cuff King was wearing during his criminal trial when he disobeyed the judge's order to stop talking. Based on this use of excessive force, Judge Nalley was disqualified from judicial service and convicted of deprivation of rights under the color of law, in violation, of 18 U.S.C. § 242 (2012). The district court dismissed King's complaint seeking compensatory and punitive damages based on judicial immunity. We affirm.

We review de novo a district court's dismissal of a complaint for failure to state a claim. *Woods v. City of Greensboro*, 855 F.3d 639, 646 (4th Cir.), *cert. denied*, 138 S. Ct. 558 (2017). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "We accept as true all well-pleaded facts in a complaint and construe them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017).

It is well-established that, "generally, a judge is immune from a suit for money damages." *Mireles v. Waco*, 502 U.S. 9, 9 (1991) (per curiam). "This immunity applies even when the judge is accused of acting maliciously and corruptly, and it is not for the protection or benefit of a malicious or corrupt judge." *Pierson v. Ray*, 386 U.S. 547, 554 (1967) (internal quotation marks omitted). Rather, it is "for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." *Id.* (internal quotation marks omitted).

2

Judicial immunity may be "overcome in only two sets of circumstances": (1) "a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity"; and (2) "a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12.

The primary issue in this case is whether Judge Nalley was performing a judicial act when he ordered the use of excessive force to silence King. To determine "whether an act by a judge is a 'judicial' one," we must consider: (1) "the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge"; and (2) "the expectations of the parties—*i.e.*, whether they dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978).

We agree with the district court that, while Judge's Nalley's actions were outrageous and unlawful, the judge was performing the judicial act of maintaining order in the courtroom when he directed the activation of the stun-cuff. He is therefore entitled to judicial immunity, and we affirm for the reasons stated by the district court. *King v. Nalley*, No. 8:17-cv-00628-TDC (D. Md. Sept. 21, 2017). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*